LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. CV-11-2323 GAF (JEMx) | Date | April 14, 2011 |
|---|---|---|---|
| Title | Camelot Entertainment Inc et al v. Incentive Capital LLC et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** (In Chambers)

## ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

On February 15, 2011, Plaintiffs Camelot Entertainment, Inc. ("Camelot Entertainment"), Camelot Film Group, Inc. ("Camelot Film"), Camelot Distribution Group, Inc. ("Camelot Distribution"), and Robert P. Atwell ("Atwell") (collectively, "Plaintiffs") filed suit against Defendant Incentive Capital, LLC ("Defendant") in the Los Angeles County Superior Court. (Docket No. 1, Not. of Removal, Ex. A [Compl.].) In their complaint, Plaintiffs allege various state-law causes of action. (Id.) On March 18, 2011, Defendant timely removed the action to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332. (Not. ¶ 3.) However, as explained in greater detail below, Defendant failed to properly allege the citizenship of several parties to the suit as necessary to show the existence of diversity jurisdiction under 28 U.S.C. § 1332. Defendant is therefore hereby **ORDERED TO SHOW CAUSE** why this case should not be remanded for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing jurisdiction rests upon the party asserting jurisdiction. Id. Federal courts have jurisdiction on the basis of diversity of citizenship where the amount in controversy exceeds $75,000 and where the matter is between citizens of different states. 28 U.S.C. § 1332(a). A person's state of citizenship is "determined by her state of domicile, not her state of residence." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "[A]n LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. CV-11-2323 GAF (JEMx) | Date | April 14, 2011 |
|---|---|---|---|
| Title | Camelot Entertainment Inc et al v. Incentive Capital LLC et al | | |

      Here, Defendant alleges in its notice of removal that Plaintiff Atwell, an individual, is "domiciled in California."  (Not. ¶ 4.)  This properly alleges citizenship of this Plaintiff.  See Kanter, 265 F.3d at 857.

      Defendant, however, has not properly alleged the citizenship of the remaining parties to this case.  Defendant alleges that the other three Plaintiffs, corporations, are "a Delaware corporation," "a Nevada corporation," and "a Nevada corporation."  (Not. ¶ 4.)  This amounts to an allegation that these entities are incorporated in those states.  Defendant, however, has not alleged where those entities have their principal places of business.  Defendant does alleges that those Plaintiffs are "domiciled" in those states.  (Id.)  Defendant may intend to indicate that those entities have their principal places of business in those states, but the allegations are unclear and thus are insufficient to satisfy the Court that it has subject matter jurisdiction on the basis of diversity of citizenship.  Defendant must allege these entities' principal places of business to establish diversity jurisdiction.  See Patton v. Schneider Nat. Carriers, Inc., No. 09-01010, 2009 WL 545779, *2 (C.D. Cal.) (ordering the plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction where the complaint alleged the corporate defendant's domicile but failed to state its principal place of business).

      Lastly, Defendant has also failed to properly plead its own citizenship.  Defendant alleges that it is an LLC "domiciled in Utah" (Not. ¶ 5), but fails to plead the citizenship of its owners/members as required under Circuit law.  See Johnson, 437 F.3d at 899.

      Given the defects outlined above, the Court cannot determine whether it has subject matter jurisdiction over this case.  Defendant is therefore **ORDERED TO SHOW CAUSE** why this case should not be remanded for lack of subject matter jurisdiction.  A supplemental declaration adequately alleging the citizenship of the parties will be deemed an adequate response to this Order.  Defendant shall file its response **by no later than April 28, 2011**.  **<u>Failure to file a timely response will be deemed consent to remand of the action</u>**.

      The hearing on the pending motion to remand currently scheduled for May 2, 2011 is hereby **CONTINUED to May 9, 2011**.

      **IT IS SO ORDERED.**