O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMELOT ENTERTAINMENT INC.; CAMELOT FILM GROUP, INC.; CAMELOT DISTRIBUTION GROUP INC.; ROBERT P. ATWELL,<br><br>  Plaintiffs,<br><br>  v.<br><br>INCENTIVE CAPITAL LLC;,<br><br>  Defendant. | Case No. CV 11-02323 DDP (JEMx)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Motion filed on 3/26/11] |

   Presently before the court is Defendant's Motion to Dismiss. Having considered the submissions of the parties, the court grants the motion and adopts the following order.

**I. Background**

   Plaintiff Camelot Entertainment, Inc. is a Delaware corporation. (Complaint ¶ 1.) Plaintiffs Camelot Film Group, Inc. and Camelot Distribution Group, Inc. are Nevada corporations. (Compl. ¶¶ 2-3.) Plaintiffs (collectively, "Camelot") produce and distribute movies and television shows. (Compl. ¶ 11.) Defendant, a citizen of Utah, provides loan financing in the entertainment industry. (Compl. ¶ 12; Motion at 4.)

In April 2010, Camelot obtained a $650,000 loan from Defendant and entered into a series of related agreements.[1] The first, an Escrow Agreement, required Camelot to deposit $650,000 worth of stock into an escrow account. The Escrow Agreement provides that it shall terminate upon payoff of the loan or upon discharge of the stock to Defendant in case of default. (Exhbit I at 1-2.) The Escrow Agreement also explicitly refers to "loan documents" between Camelot and Defendant. (Exhibit I at 1.)

A separate Promissory Note ("Note") states various obligations and payment terms. The Note also states that Camelot agrees to submit "to the non-exclusive jurisdiction of any Utah state or federal court sitting in Salt Lake City, Utah, over any action or proceeding arising out of or relating to this Note." (Exhibit B at 5.) Several other agreements contain choice of law and jurisdiction provisions identical to those in the Escrow Agreement. (Exhibits E-G.)

The parties also entered into a Security Agreement ("CDG Agreement"), under which Defendants were granted, as collateral for the loan, a security interest in a catalog of films owned and distributed by Camelot. (Exhibit C at 1; Schedule 1 to Exhibit C.) The CDG Agreement contains a Utah choice of law provision, and states that Camelot consents to the jurisdiction of Utah state and federal courts "with respect to disputes arising out of this Security Agreement." (Exhibit C at 11.) The CDG Agreement further states that "[a]ny legal action or proceeding with respect to this

---

[1] Though the complaint lists the date of the agreement as April 27, 2011, the relevant documents are all dated April 27, 2010. (Exhibits B-G to Motion.) All subsequent citations to Exhibits refer to the Exhibits to Defendant's Motion to Dismiss.

2

1  Security Agreement must be brought before the federal or state
2  courts located in the State of Utah," and that "[Camelot]
3  irrevocably waives any objection . . . to the laying of venue of
4  any of the aforesaid actions arising out of or in connection with
5  this Security Agreement brought in the aforesaid Utah Courts."
6  (Exhibit C at 11.)  A separate Security Agreement, the "CFG
7  Agreement") contains identical language.  (Exhibit D at 12-13.)

8      Camelot defaulted on the loan.  (Compl. ¶ 18; Exhibit J at 2.)
9  Camelot alleges that it attempted to tender more than $650,000 of
10 stock to Defendant, in accordance with the Escrow agreement.
11 (Compl. ¶ 19.)  Defendant proceeded to notice and hold a
12 Foreclosure Sale on the film catalog, as set forth in the various
13 Security Agreements.  (Compl. ¶ 21.)

14     Camelot responded by filing suit against Defendant in Los
15 Angeles County Superior Court.  Defendant then removed to this
16 court.  The complaint alleges that Camelot performed "all the
17 obligations to be performed by [Camelot]."  (Compl. ¶ 21.)  The
18 complaint alleges six causes of action against Defendant based on
19 Defendant's breach of "the Note, Escrow Agreement and related
20 documents."  (Compl. ¶ 22.)  Defendant now moves to dismiss on the
21 ground that the CDG Agreement and CFG Agreement contain mandatory
22 forum selection clauses requiring that this action be filed in
23 Utah.  (Mot. at 11.)

**II. Discussion**

25     This court interprets forum selection clauses according to
26 federal law.  <u>Simonoff v. Expedia, Inc.</u>, 643 F.3d 1202, 1205 (9th
27 Cir. 2011).  Unless circumstances dictate otherwise, the plain
28 language of the contract is considered first.  <u>Id</u>.  Here, there is

no question that the CDG Agreement and CFG Agreement (hereinafter, the "Security Agreements") contain a mandatory forum selection clause. The Security Agreements state "[a]ny legal action or proceeding with respect to this Security Agreement <u>must be brought before the federal or state courts located in the State of Utah</u>." (Exhibit C at 11; Exhibit D at 13 (emphasis added)). This language is clear and unambiguous.

Camelot does not contest the conclusion that the Security Agreements contain mandatory forum selection language. Instead, Camelot argues that the Security Agreements are irrelevant because the Complaint only seeks relief under the Note and the Escrow Agreement. The Escrow Agreement is silent on the issue of forum selection, while the Note contains only non-mandatory, permissive language stating that Camelot agrees to submit "to the non-exclusive jurisdiction of any Utah state or federal court sitting in Salt Lake City, Utah, over any action or proceeding arising out of or relating to this Note." (Exhibit B at 5.)

Though the Note and Escrow Agreement do not contain a mandatory forum selection clause, Camelot's arguments nevertheless have no merit. As an initial matter, both the Escrow Agreement and Note reference other "loan documents." (Exhibit B at 1,3; Exhibit H at 1). There is no question that the Security Agreements are two such "loan documents." <u>See</u>, <u>e.g.</u> Exhibit B at 3 ("Borrower has secured this Note with one or more security agreements of even date herewith."). Furthermore, Camelot misstates the allegations of its own complaint. The Complaint alleges that Defendant has breached the Escrow Agreement, Note, "and related documents." (Compl. ¶ 22.) The Security Agreements, which do contain binding forum

4

selection clauses, are clearly "related documents." The Complaint also seeks to resolve whether Defendant has any right to the film catalog. (Compl. ¶¶ 25, 33.) Defendant's only right to that collateral stems from the Security Agreements. Indeed, the Complaint explicitly refers to the obligations set forth in the Security Agreements. (Compl. ¶ 25.) This action is inextricably bound up with the Security Agreements. Under the terms of the Security Agreements' mandatory forum selection clauses, "[a]ny legal action or proceeding with respect to" the Security Agreements, such as this action, must be brought in Utah.

**III. Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

Dated: September 27, 2011

DEAN D. PREGERSON
United States District Judge

5